## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

PATRICIA BENJAMIN, court appointed
guardian of the Estate of RONALD
WILLIAMS, a Minor, a designated
beneficiary of the Exxon Mobile Saving Plan,

                  1:09-cv-17

                  **Plaintiff,**

    **v.**

ESSO STANDARD OIL CO. (PUERTO
RICO), as adminstrator of the ESSO
STANDARD OIL CO. (PUERTO RICO) &
Affiliates GROUP LIFE INSURANCE PLAN,

                  **Defendants.**

TO:   Kenth W. Rogers, Esq.
       Bennett Chan, Esq.
       Charles E. Engeman, Esq.

## ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE

THIS MATTER came before the Court for consideration upon Defendants' Motion
to Transfer Venue (Docket No. 10). Plaintiff filed an opposition to said motion, and
Defendants filed a reply thereto.

As Defendants note in their Memorandum in Support of Defendants' Motion to
Transfer Venue, the above-captioned matter is the fourth separate lawsuit filed by Plaintiff
against various Exxon Mobil Corporation-related entities and the third such lawsuit filed

with this Court.[1]  The defendants in the other two (2) cases filed with this Court filed motions to transfer those matters.  Both motions to transfer were granted by the undersigned.[2]  Plaintiff appealed both orders, and Senior District Judge Finch denied the appeal filed in *Benjamin v. Exxon Mobil Corporation*, 1:08-cv-106.[3]

This case involves the same parties, the same participants, and the same issues as the other cases filed with this Court.  As such, the Court will adopt the same reasoning it applied in the two (2) earlier cases in granting the defendants' motions to transfer.

## DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).[4]  As recognized by the United States Supreme Court, the purpose of section 1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense

---

1.  The first case is captioned, *Benjamin v. Esso Standard Oil Co, P.R. Medical Insurance AIG Life Ins. Co-MCS*, 1:08-cv-101; and the second one is, *Benjamin v. Exxon Mobil Corporation*, 1:08-cv-106.

2.  Order Granting Defendants' Motion to Transfer Venue, *Benjamin v. Esso Standard Oil Co, P.R. Medical Insurance AIG Life Ins. Co-MCS*, 1:08-cv-101, Docket No. 60; *Benjamin v. Exxon Mobil Corporation*, Order Granting Defendants' Motion to Transfer Venue, 1:08-cv-106, Docket No. 29.

3.  Order, *Benjamin v. Exxon Mobil Corporation*, 1:08-cv-106, Docket No. 55.

4.  All references to the United States Code are to the electronic versions that appear in Westlaw.

. . . .'" *Van Dusen v. Barrack* 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)). A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is within the broad discretion of the Court. *Elbeco, Inc. v. Estrella de Plato, Corp.*, 989 F. Supp. 669, 679 (E.D. Pa. 1997); see also *Fortay v University of Miami*, Civ. A. No. 93-3443, 1994 WL 62319 at *8 (D.N.J. February 17, 1994) (quoting *Lony v. E.I. DuPont de Nemours & Co.*, 886 F.2d 628, 632 (3d Cir. 1989)) (" The decision whether to transfer an action rests in the sound discretion of the trial court 'appraising the practical inconvenience posed to the litigants and to the court should a particular action be litigated in one forum or another'").

In *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995), the United States Court of Appeals for the Third Circuit listed factors to consider when deciding whether or not to transfer venue.

> Courts consider many factors when ruling on motions to transfer venue, including: plaintiff's forum preference as manifested in the original choice . . . ; the defendant's preference . . . ; whether the claim arose elsewhere . . . ; the convenience of the parties as indicated by their relative physical and financial condition . . . ; the convenience of the witnesses--but only to the extent that the witnesses may actually be unavailable for trial in one of the fora . . .; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum) . . . .
>
> The public interests have included: the enforceability of the judgment . . . ; practical considerations that could make the trial easy, expeditious, or inexpensive . . . ; the relative administrative difficulty in the two fora resulting from court congestion . . . ; the local interest in deciding local

> controversies at home . . .; the public policies of the fora . . .; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* 879-80 (citations omitted). When deciding a motion to transfer, "the court must balance all of the relevant factors and determine whether a transfer of venue would best serve all the private and public interests." *Kendricks v. Hertz Corp.*, Civ. No. 2005-0164, 2008 WL 3914135 at *3 (D.V.I. August 18, 2008) (citation omitted).

## Private interest factors

The Court acknowledges that a plaintiff's choice of forum generally is given deference. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970) ("It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request . . ."). It is also true that "'[p]laintiff's choice of forum merits less deference when none of the conduct complained of occurred in plaintiff's selected forum,'" *Lomanno v. Black*, 285 F. Supp. 2d 637, 644 (E.D. Pa. 2003) (quoting *Rowles v. Hammermill Paper Co., Inc.*, 689 F.Supp. 494, 496 (E.D. Pa.1988)).

As the Court articulated in its Memorandum Opinion denying Plaintiff's appeal in *Benjamin v. Exxon Mobil Corp.*, 1:08-cv-106:

> Plaintiff's preference alone is not controlling. *See Jumelis v. Southern Motors ExpressInc.*, 169 F. Supp. 345, 346 (E.D. Pa. 1959). A plaintiff's choice of forum is "neither dispositive of the transfer analysis nor is it the only factor to be considered." *AT&T v. MCI Communications Corp.*, 736 F. Supp. 1294, 1306

(D.N.J. 1990). "The preference for honoring a plaintiff's choice of forum is simply that, a preference; it is not a right." *E.I. Du Pont de Nemours and Co. V. Diamond Shamrock Corp.*, 522 F. Supp. 588, 592 (D.C. Del. 1981); *see Cameli v. WNEP-16 The News Station*, 134 F. Supp. 2d 403, 405 (E.D. Pa. 2001); *Gaskins v. Nat'l Railroad Passenger Corp.*, 2001 WL 322518 at *1 (E.D. Pa. Feb. 21, 2001); *Fidelity Leasing, Inc. v. Metavec Corp.*, 1999 WL 269933 at *2 (E.D. Pa. April 29, 1999); *Edwards v. Texaco, Inc.* 702 F. Supp. 101, 103 (E.D. Pa. 1988); *Kogok v. Fields*, 448 F. Supp. 197, 201 (E.D. Pa. 1978); *see also Jacobs v. Cedar Mill Farms*, 1999 U.S. Dist. LEXIS 21296 at *7 (D.N.J. Oct 25, 1999) (*citing National Property Investors VIII v. Shell Oil Co.*, 917 F. Supp. 324, 327 (D.N.J. 1995)) (holding that plaintiff's choice of forum should be afforded less weight when "central facts of the action occurred outside the chosen forum"); *Fortay*, 1994 WL 62319 at *8 (*citing Ricoh Co.*, 817 F. Supp. at 481) ("plaintiff's choice of forum is accorded no special consideration when the nucleus of operative facts is outside the forum state"). The Court must balance Plaintiff's choice of forum against competing interests in this case.

*Benjamin v. Exxon Mobil Corp.*, Civil No. 2008-0106, 2009 WL 1918370 at *4 (D.V.I. July 2, 2009)(slip copy).

With regard to the next listed private interest factor, the general rule is the "[p]referred forum is that which is the center of the accused activity." *S.C. Johnson & Son, Inc. v. Gillette Co.*, 571 F. Supp. 1185, 1187-88 (Ill. 1983). Similar to the other two (2) cases brought by Plaintiff,

Plaintiff's case is based on the employment of Fitzroy Williams, the minor's deceased father, whose employment was located in St. Thomas. Additionally, all of the benefits claimed arise from agreements or activities that occurred in St. Thomas or outside of St. Croix, relating to Williams' work in St. Thomas. None of the key events or omissions underlying Plaintiff's claims occurred in the forum selected. Because all of the events relating to

> Plaintiff's claims occurred in St. Thomas or outside the Virgin Islands, this factor favors transfer.

*Benjamin*, 2009 WL 1918370 at *5. Thus, the "center of the accused activity" in this matter is St. Thomas. It clearly is not St. Croix as "none of the key events or omissions underlying Plaintiff's claims occurred in" St. Croix.

It is well established that the "convenience to witnesses weighs heavily in making a decision regarding a motion to transfer venue." *Gonzalez v. Electronic Control Systems, Inc.*, No. CIV. 93-3107, 1993 WL 372217 at *4 (E.D. Pa. September 17, 1993) (citation omitted); *see also Fortay*, 1994 WL 62319 at *10 (quoting *Hernandez v. Graebel Lines*, 761 F. Supp. 983, 988 (E.D.N.Y. 1991)) ("'[T]he convenience of both party and non-party witnesses is probably considered the single most important factor in the analysis of whether a transfer should be granted'").

As the Court has found previously, none of the key witnesses in any of these matters reside or are otherwise located in St. Croix. The operative witnesses are Plaintiff (the guardian of the minor's estate), Doldria Benjamin (the minor's mother), Daniel Williams (the deceased's father), Jadine Allen (former employee of Esso V I Inc.), Yorick Cox (former manager of Esso V I Mc ), and Richard Lee (former manager of Esso V.I., Inc.). All of these witnesses reside or are located in St. Thomas or elsewhere. Additionally, the minor child,

Ronald Williams, allegedly is a resident of St. Thomas where he resides with his mother, Doldria Benjamin. Consequently, the Court finds that the witness convenience factors here favor adjudication in St. Thomas rather than St. Croix.[5]

**Public interest factors**

Of the public interest factors listed in *Jumara,* the primary factor that concerns the Court in this action is the relationship of the courts and jurors to the case. *See, e.g., Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947); *see also Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 48 (3d Cir. 1988) (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 528 (1988)) ("In evaluating the public interest factors the district court must 'consider the locus of the alleged culpable conduct . . . and the connection of the conduct to plaintiff's chosen forum'"). This factor considers the local interests in adjudicating localized controversies and the unfairness of burdening citizens in an unrelated forum with jury duty. *Gulf Oil*, 330 U.S. at 509. As the *Fortay* court noted, "Under *Gulf Oil*, the Court must also be aware of the local interests implicated by this lawsuit in the respective forums or, more specifically, in the communities in which they sit." *Fortay*, 1994 WL 62319 at *12 (citing *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 486 (D.N.J. 1993)). The *Fortay* court

---

5. The final private interest factor, the location of books and records, bears little weight in this case. All of the documentary evidence can be easily duplicated and transported in this digital age, and no other physical evidence enters into the consideration of this factor.

continues, "[T]he burden of jury duty should not be "imposed upon the people of a community which has no relation to the litigation." 1994 WL 62319 at *12 (quoting *Ferens v. John Deere Co.*, 494 U.S. 516, 529-30 (1990) (in turn, quoting *Gulf Oil*, 330 U.S. at 508-09)).

The nexus of the alleged conduct giving rise to the claims herein to St. Croix is negligible. The decedent was employed in St. Thomas and became a participant in the company-sponsored employee group savings plan there. In addition, many key witnesses in this case reside in St. Thomas. Consequently, the Court finds that the residents of St. Thomas have a larger stake in the just and fair resolution of this case. *See, e.g., Mediterranean Golf, Inc. v Hirsh*, 783 F. Supp. 835, 849-50 (D.N.J. 1991); *see also Ricoh*, 817 F. Supp. at 486 (where District Court of New Jersey found that "[b]ecause Minnesota is the locus of the majority of alleged culpable conduct, Minnesota has a strong public interest in adjudicating" the dispute). It does not appear that any comparable public interest exists in resolving this matter in St. Croix. St. Croix jurors should not be burdened with adjudicating a matter concerning conduct which was largely localized in St. Thomas. *See, e.g., id.* at 487. Accordingly, the Court finds that the residents of St. Thomas have a more significant interest in resolving this matter and should shoulder the responsibility of jury duty.

Moreover, this case is related to two (2) other cases filed by Plaintiff with this Court. The Senior District Judge already has affirmed one of the undersigned's orders transferring one of those cases to the Division of St. Thomas and St. John. Consequently, transferring this case would promote the interests of justice. As the *Ricoh* court explains,

> Where related lawsuits exist, "it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court and not simultaneously before two tribunals." *Id.*; *accord Continental Grain*, 364 U.S. at 26, 80 S.Ct. at 1474-75[.] Transfer in such a circumstance has numerous benefits. Cases can be consolidated before one judge thereby promoting judicial efficiency; pretrial discovery can be conducted in a more orderly manner; witnesses can be saved the time and expense of appearing at trial in more than one court; and duplicative litigation involving the filing of records in both courts is avoided, thereby eliminating unnecessary expense and the possibility of inconsistent results. *Ballard*, 700 F.Supp. at 801; *Pall*, 523 F.Supp. at 453.

*Ricoh*, 817 F. Supp. at 487. The Court finds that this factor weighs in favor of transfer.

## Conclusion

Based upon the foregoing, the only relevant factor weighing against transfer is Plaintiff's choice of forum. However, "this factor has minimal value where none of the conduct complained of occurred in the forum selected by Plaintiff and the forum has little connection with the matter in controversy." *Kendricks*, 2008 WL 3914135 at *8 (citations omitted). Consequently, the Court finds that the balance weighs heavily in favor of transfer. *See, e.g., Kressen v. Federal Ins. Co.*, 122 F. Supp. 2d 582, 589-90 (D.V.I. 2000).

Additionally, the Court finds that there exists no "genuine articulable controversy" in favor of choosing St. Croix as the division for filing. Therefore, consistent with this Court's Order Regarding Cases Transferred to the Other Division, entered August 6, 2001, the Court shall award Defendants their costs and attorney's fees associated with and related to filing the said motion to transfer.

Accordingly, it is now hereby **ORDERED**:

1.  Defendants Motion to Transfer Venue (Docket No. 10) is **GRANTED**.

2.  This matter is **TRANSFERRED** to the District Court of the Virgin Islands, Division of St. Thomas and St. John, and the Clerk of Court shall forward a copy of the file in this matter to said court.

3.  Plaintiff shall pay, upon the Court's approval of such sums, Defendants' costs and attorney's fees associated with and related to the filing of said motion.

4.  Defendants shall, within five (5) days from the date of entry of this order, file an affidavit or certification regarding their costs and attorney's fees associated with and related to the filing of said motion.

5.      The operation of this order is **STAYED** for ten (10) days to allow any appeal

or until the resolution of any appeal that may be filed, whichever occurs

later.

ENTER:

Dated: July 9, 2009                          /s/ George W. Cannon, Jr.
                                             GEORGE W. CANNON, JR.
                                             U.S. MAGISTRATE JUDGE